David Lewis RICE, Appellant,

v.

Robert F. PARRATT, Appellee.

No. 79–1225.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1979.

Decided Oct. 3, 1979.

---

* The Honorable EARL R. LARSON, Senior United States District Judge for the United States District Court for the District of Minnesota.

**1092**

Rev. William C. Cunningham, S. J., Jesuit Community, University of Santa Clara, Santa Clara, Cal., for appellant.

Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for appellee; Paul L. Douglas, Atty. Gen., Lincoln, Neb., on brief.

Before HEANEY and ROSS, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

Appellant David Lewis Rice was convicted of first-degree murder for the killing of an Omaha, Nebraska, police officer. Rice appealed the conviction to the Nebraska Supreme Court, contending that the conviction was based on evidence obtained as a result of an unlawful search of his home. The Nebraska Supreme Court affirmed the conviction, holding that the search had been made pursuant to a valid search warrant. *State v. Rice*, 188 Neb. 728, 199 N.W.2d 480 (1972), *cert. denied sub nom. Rice v. Nebraska*, 430 U.S. 947, 97 S.Ct. 1584, 51 L.Ed.2d 795 (1977). Rice then filed a petition for a writ of habeas corpus in federal District Court, alleging that his incarceration was unlawful because his conviction was based on evidence obtained in an invalid search.

The District Court agreed with Rice, concluding that the search warrant was invalid, *Rice v. Wolff*, 388 F.Supp. 185 (D.Neb. 1975), and this Court affirmed that decision at 513 F.2d 1280 (1975). The Supreme Court, however, reversed. The Court held that when an opportunity to fully and fairly litigate a Fourth Amendment claim has been provided in a state proceeding, federal habeas corpus relief is not available to challenge the use of evidence obtained from an alleged unlawful search and seizure. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

Rice has now filed a second petition for writ of habeas corpus which, as supplemented, alleges eight grounds for relief. Ground 1 alleges a denial of due process of law resulting from the state court's "validation of a search warrant which asserted as two grounds for probable cause constitutionally protected exercises of both freedom of speech and freedom of association." Ground 2 alleges a denial of due process of law because the state courts "incorrectly applied the applicable federal law on Fourth Amendment questions."

The District Court found that the issues raised in Grounds 1 and 2 were fully resolved in the prior decisions on the first petition for writ of habeas corpus and the direct appeals of appellant's conviction. We agree with the District Court's analysis on these two issues.

Grounds 3 through 8 of Rice's petition allege denials of due process and equal protection as a result of a variety of improprieties during the course of the investigation and trial of his case. Included are allegations of an agreement between feder-

*EARL R. LARSON, United States Senior District Judge, for the District of Minnesota, sitting by designation.

al and state authorities to withhold documents; a failure to disclose a promise of leniency made to the state's key witness; suppression of exculpatory evidence and other information; illegal surveillance; and selective and discriminatory prosecution.

The appellant admits that none of the issues raised in Grounds 3 through 8 have been presented to the state courts of Nebraska, but he argues that he should not be required to proceed through the state courts because Nebraska provides no effective remedy within the meaning of 28 U.S.C. § 2254(b). The District Court found, however, that Rice has not exhausted available state remedies. At oral argument, the Assistant Attorney General for the State of Nebraska assured this Court that the District Court was correct in finding that state court procedures are available for resolving the issues presented in Grounds 3 through 8 of Rice's petition. For the reasons stated by the District Court, therefore, we affirm the dismissal of the petition for writ of habeas corpus.